No. 692

MILK SERVICE, Inc. v. JENEFSKY

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 794. Decided July 28, 1927.

118. AUTOMOBILES — Rule that party driving automobile is bound to observe what can be seen by use of statutory lights, and be able to stop car within that distance, does not apply where obstacle comes suddenly within driver's line of travel.

Error to Municipal Court.
Judgment affirmed by Common Pleas.

Error to Common Pleas.
Judgment affirmed.

BY THE COURT.

This action originated in the Municipal Court and grows out of a collision between an automobile owned by Jenefsky and a milk wagon owned by the Milk Co.

The Milk Co. brought suit in the Municipal Court, claiming damages. Jenefsky denied this claim and filed a counter-claim for damages to the automobile. The case was tried to a jury and resulted in a verdict in favor of the defendant.

The case was taken to the Court of Common Pleas on petition in error, where the judgment of the Municipal Court was affirmed. Error is prosecuted to this court to reverse the judgments of the Common Pleas and the Municipal Court.

Under evidence offered by the Milk Co. the horse and wagon were standing on the right-hand side of the street and the wagon contained two lights, one in the rear, and a lighted lantern in the driver's portion of the vehicle. It is also contended that Jenefsky was coming down the street upon the wrong side and struck the horse and wagon. The evidence of Jenefsky tends to prove that he was driving at a slow rate of speed on the right-hand side of the street with his dimmer lights burning and that the horse was dark in color and was in the act of turning in the street and came directly in front of his automobile. The jury have found in favor of the contention of the defendant. The evidence of Jenefsky was sufficient, if believed by the jury, to have justified the verdict. Counsel for the Milk Co. refers to Jenefsky's testimony that he had only his dimmer lights burning, and claim that it was his duty to have had his bright lights burning. Jenefsky, however, testified that, under the existing conditions, he could see better with his dimmer lights than with his bright lights, and this fact is apparently undisputed, so that we cannot say as a matter of law that failure of Jenefsky to have his bright lights burning was the proximate cause of the collision.

Reference is made to cases which have been decided to the effect that a party driving an automobile is bound to observe what can be seen by the use of statutory lights and be able to stop his car within that distance. That proposition would not apply to this case because, under the testimony of Jenefsky, the

horse came suddenly within his line of travel and that fact distinguishes the case from cases where the obstruction lies directly ahead of the approaching automobile.

Judgment affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)

Attorneys—Matthews & Matthews for Milk Co.; Kusworm & Shaman for Jenefsky; all of Dayton.